```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PATRICK COONEY & CARLEEN COONEY, | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 10-4066 (JBS/JS) |
| v. | **OPINION** |
| BAC HOME LOANS SERVICING, LP & MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

APPEARANCES:

Lewis G. Adler, Esq.
LAW OFFICE OF LEWIS ADLER
26 Newton Avenue
Woodbury, NJ 08096
     Counsel for Plaintiffs

Mariah E. Murphy, Esq.
BALLARD SPAHR LLP
210 Lake Drive East
Suite 200
Cherry Hill, NJ 08002-1163
     Counsel for Defendants

**SIMANDLE**, District Judge:

I. **INTRODUCTION**

This putative class action involving allegedly improper fees charged for mortgage reinstatement is before the Court on two motions of the Defendants to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docket Items 6 & 7.]  The principal issue is whether the Complaint alleges a basis upon which any of the identified fees

is improper.  Because it does not, as explained below, the Complaint will be dismissed.

**II.  BACKGROUND**

Like many American families in recent years, Plaintiffs Patrick and Carleen Cooney fell behind on their mortgage payments.  (Compl. ¶ 2.)  Under New Jersey law, homeowners must be given the opportunity to reinstate their delinquent mortgage before a foreclosure order is entered.  See N.J. Stat. Ann. § 2A:50-57(b)(3).  On January 22, 2010, Defendant BAC Home Loans Servicing, LP sent Plaintiffs a reinstatement quote letter at Plaintiffs' request, which stated that the Plaintiffs owed an estimated $13,136.62 in order to bring their loan current if they paid in full on January 25, 2010.  (Id. ¶ 14; Compl. Ex. A.)  The letter itemized various fees and past due payments, including $1,050 in legal fees and costs through January 22, 2010, and $578 in anticipated additional legal fees and costs through January 25, 2010.  (Id.)  The letter gave Plaintiffs explicit notice that the $578 in additional fees was based on anticipated steps that may occur in the foreclosure process before January 25, 2010.  (Id.)

Plaintiffs eventually paid $13,136.62 to reinstate their loan, including $1,638 in attorneys' fees and costs ($1,050 +

is improper.  Because it does not, as explained below, the Complaint will be dismissed.

**II.  BACKGROUND**

Like many American families in recent years, Plaintiffs Patrick and Carleen Cooney fell behind on their mortgage payments.  (Compl. ¶ 2.)  Under New Jersey law, homeowners must be given the opportunity to reinstate their delinquent mortgage before a foreclosure order is entered.  See N.J. Stat. Ann. § 2A:50-57(b)(3).  On January 22, 2010, Defendant BAC Home Loans Servicing, LP sent Plaintiffs a reinstatement quote letter at Plaintiffs' request, which stated that the Plaintiffs owed an estimated $13,136.62 in order to bring their loan current if they paid in full on January 25, 2010.  (Id. ¶ 14; Compl. Ex. A.)  The letter itemized various fees and past due payments, including $1,050 in legal fees and costs through January 22, 2010, and $578 in anticipated additional legal fees and costs through January 25, 2010.  (Id.)  The letter gave Plaintiffs explicit notice that the $578 in additional fees was based on anticipated steps that may occur in the foreclosure process before January 25, 2010.  (Id.)

Plaintiffs eventually paid $13,136.62 to reinstate their loan, including $1,638 in attorneys' fees and costs ($1,050 +

$578). (Compl. ¶¶ 17-18; Ex. B.)[1] Plaintiffs allege that the mortgage and note were recorded in the name of Defendant Mortgage Electronic Registration Systems, Inc. (MERS) and that the reinstatement process was performed by BAC for MERS because "[t]he loan was serviced by BAC for MERS." (Compl. ¶¶ 10, 12.)

The Complaint gets one critical and publicly available fact wrong: it alleges that no foreclosure complaint was filed by BAC — thus calling into question what legal fees could have been properly charged to Plaintiffs — but the public record shows that on January 14, 2010, Defendant BAC Home Loan Servicing filed a foreclosure action, which Plaintiffs now do not dispute. See BAC Home Loan Servicing LP v. Patrick and Carleen Cooney, No. L-1080-10, (N.J. Sup. Ct. Chancery D).[2] When Plaintiffs paid their

---

[1] Plaintiffs paid with a bank check issued on February 1, 2010, making the payment at least 6 days after the reinstatement quote's estimated payment as of January 25, 2010. (Id.)

[2] This action, filed by attorney Lewis Adler, is one of a several actions he has filed on behalf of New Jersey homeowners seeking class action status to challenge an allegedly widespread practice of charging improper fees. In each of these nearly-identical actions, Adler drafts pleadings containing few or no allegations explaining why the fees are improper, contradicts the publicly available facts, and in some cases admits to not even knowing precisely what fees were charged even though he declares them improper. See Rivera v. Washington Mut. Bank, 637 F. Supp. 2d 256, 258 (D.N.J. 2009); Martino v. Everhome Mortg., 639 F. Supp. 2d 484, 486 (D.N.J. 2009); Perkins v. Washington Mut., FSB, 655 F. Supp. 2d 463, 465 (D.N.J. 2009); Skypala v. Mortgage Elec. Registration Sys., Inc., 655 F. Supp. 2d 451, 460 (D.N.J. 2009); Ogbin v. Citifinancial Mortg. Co., Inc., Slip Copy, 2009 WL 4250036 (D.N.J. Nov. 19, 2009); Coleman v. Chase Home Finance, LLC, Civil No. 08-2215, 2009 WL 3806417 (D.N.J. Nov. 10, 2009). Although each of these actions has been dismissed, the majority

3

reinstatement fees, BAC dismissed the foreclosure action.

The Complaint brings eight claims for relief.  Count I is a breach of contract claim, in which Plaintiffs argue that BAC and MERS breached an unspecified part of the mortgage agreement because the reinstatement letter charged fees not due and owing.  Count II is a claim that charging these fees breached the duty of good faith and fair dealing.  Count III claims that the Fair Foreclosure Act, N.J. Stat. Ann. § 2A:50-57(b)(3) prohibits the charging of these fees and costs to the extent they exceed that allowed by statute and court rules, which is either directly actionable or an unconscionable business practice in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2.  Count IV claims that the costs and fees were in excess of the amount allowed pursuant to New Jersey Court Rule 4:42-9(a)(4) and 4:42-10(a).  This Count also includes a paragraph stating that this violation, if not directly actionable, is actionable under the Fair Foreclosure Act or the Consumer Fraud Act.  Count V contends that the fees and costs were in excess of what is allowed under provisions of three state statutes, N.J. Stat. Ann. §§ 22A:2-10, 22A:2-8, and 2A:15-13, either directly providing for a claim or substantiating a claim under the Consumer Fraud Act.  Count VI

---

based on deficiencies common to them all, Mr. Adler continues to file nearly-identical actions in the apparent hope that each new Judge will see the matter differently.  The Court will, of course, consider this Complaint on its own merits, but the course of conduct is relevant as explained below.

brings a claim under the Consumer Fraud Act based on the allegations in the other counts. Count VII brings a claim under the Truth-in-Consumer Contract, Warranty and Notice Act, N.J. Stat. Ann. § 56:12-1 alleging that including excessive fees in the reinstatement letter violates the Act. And, finally, Count VIII brings a claim under the Uniform Commercial Code for providing an inaccurate statement of account in violate of N.J. Stat. Ann. § 12A:9-210.

BAC brings a motion to dismiss, contending that it was permitted by the mortgage contract and applicable law to charge for legal fees and costs, and that, to the extent Plaintiffs intended to challenge the propriety of particular constituent parts of the "legal costs," these claims should be dismissed as too vaguely pleaded to provide adequate notice. MERS joins this motion and separately moves to dismiss contending that no actionable conduct has been alleged with respect to MERS.[3]

## III. DISCUSSION

### A. Standard of Review

In order to give Defendant fair notice, and to permit early dismissal if the complained-of conduct does not provide adequate

---

[3] Because the Court will dismiss the Complaint for failure to state a claim based on the reasons provided in BAC's motion, the Court need not yet reach the question of whether the Complaint's allegations regarding MERS are sufficient to implicate it as the principal whose agent, BAC, allegedly committed the wrongful conduct at issue in this case.

grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 11(b)(3). These factual allegations must present a plausible basis for relief (i.e., something more than the mere possibility of legal misconduct). See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).

In its review of a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

The Third Circuit Court of Appeals instructs district courts to conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim upon which relief may be granted. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (citations omitted). The analysis should be conducted as follows:

> (1) the Court should separate the factual and legal elements of a claim, and the Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions; and (2) the Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief, so the complaint must contain allegations beyond plaintiff's entitlement to relief. A

>           plaintiff shows entitlement by using the facts
>           in his complaint.

Id.

### B.  Analysis

Plaintiffs seek to invoke Rule 56(d), Fed. R. Civ. P., to defer consideration of this motion until they conduct discovery.[4] However, this rule applies to summary judgment, in order to give a plaintiff the opportunity to adequately conduct discovery to respond to a defendant's evidence.  See Rule 56(d), Fed. R. Civ. P.[5]  It does not apply to a motion to dismiss, because it is the plaintiff's burden to plead a plausible basis for relief before discovery.

In addition to the obvious inapplicability of Rule 56(d), the basis for the request reveals how flawed this Complaint is. Plaintiffs argue that the motion to dismiss is premature because they have not yet learned through discovery what fees they were charged.  (Pls.' Br. 3.)  This is tantamount to an admission that their Complaint should be dismissed, because they admit that

---

[4]  Rule 56(d) superseded old Rule 56(f) by amendment effective December 1, 2010.

[5]  The Rule states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Rule 56(d), Fed. R. Civ. P.

their allegations, which are that these fees were improper, are without sufficient basis in known facts.

Indeed, the Complaint appears to be little more than a generic document with a handful of allegations pasted into it that may or may not be applicable to this specific case. The Complaint contains numerous instances of the phrase "if applicable" after an allegation that plainly does not apply, or the language "including but not limited to." (E.g., Compl. ¶ 20a.)[6]

As explained below, none of the allegations presently pleaded in the Complaint provides a plausible basis for relief.

### 1. Breach of Contract

The contract, which is relied upon and integral to the Complaint, empowers BAC to collect "foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding" in the event of resinstatement. (Murphy Decl. Ex. C ¶ 10.) Count I identifies no part of the mortgage that is breached. The Count could therefore be dismissed on this basis alone. See Skypala, 655 F. Supp. 2d at 460 (dismissing breach of contract claim because

---

[6] The Complaint has a separate section of class allegations. The generic allegations described here are contained in the section nominally involving the named Plaintiffs' particular allegations.

"Plaintiff does not point to any provision of the contract 'specifically'"). Furthermore, the Complaint does not even identify the allegedly breaching fees with enough specificity for the Court (or Defendants) to assess whether the alleged breach states a claim on its own review of the contract. The only specific argument the Court can ascertain is that BAC charged for fees not actually incurred, but there is no factual allegation that the $578 in anticipated additional legal fees and costs through January 25, 2010 was not actually incurred as of that date. This claim will therefore be dismissed.

### 2. Derivative claims

Claims II, III, VI, VII, and VIII are not standalone claims as the laws cited provide no substantive standard for assessing the propriety of any fees. Count II does not contend that the law of good faith and fair dealing itself provides a basis for assessing when a fee is improper. Under the law cited in Count III, costs and attorneys' fees required for reinstatement "shall not exceed the amount permitted under the Rules Governing the Courts of the State of New Jersey." Id. Count VI is a Consumer Fraud Act claim assuming the charges are unlawful. Count VII brings a claim under the Truth-in-Consumer Contract, Warranty and Notice Act, N.J. Stat. Ann. § 56:12-1 based on the assumption that the charges are improper. And Count VIII assumes that the accounting of unpaid obligations was inacccurate. Thus, whether

9

the Complaint states a claim or not rests on whether the Complaint adequately alleges that these fees violate the only substantive standards laid out in the Complaint: Counts IV and V, which are now examined.

### 3. New Jersey Court Rules

Count IV claims that the costs and fees were in excess of the amount allowed pursuant to New Jersey Court Rule 4:42-9(a)(4) and 4:42-10(a). New Jersey Court Rule 4:42-9(a)(4) explains how to calculate the costs to be taxed in a foreclosure action.[7] Rule 4:42-10(a) provides that the court or clerk may tax as part of the taxable costs all legal fees and reasonable charges necessarily incurred for title searches.

Although these Rules do not apply by their own terms since they limit the taxed costs at final judgment in a foreclosure action, by operation of the Fair Foreclosure Act, the Rules provide a cap on the amount of court costs and attorneys fees that a mortgagee may charge for reinstatement. See N.J. Stat. Ann. § 2A:50-57(b)(3) (permitting "costs, if any, and attorneys' fees in an amount which shall not exceed the amount permitted under the Rules Governing the Courts of the State of New Jersey"). Since the context of the Fair Foreclosure Act is that

---

[7] The amount depends on the debt owed by the defendant. $5,000 or less means 3.5% in fees but not less than $75; $5,000 - $10,000 means 1.5%, with any excess over $10,000 at 1%, but not to exceed $7,500.

these fees will be charged prior to final judgment in a foreclosure action, it is clear that these fees are permissible once the costs are actually incurred, but before final judgment.

Plaintiffs do not contend that the amounts of the fees violated the specific provisions, and it appears to the Court that they do not.[8]  Instead, Plaintiffs contend that since no foreclosure action was filed, there can be no fees incurred in such an action.  (Compl. ¶ 39.)  Since this allegation contradicts the undisputed public record, it cannot be credited. Claims based on that allegation must therefore be dismissed.

### 4. New Jersey Statutes

Count V contends that the fees violate provisions of three New Jersey Statutes.  However, unlike the Rules Governing the Courts of the State of New Jersey which are used by the Fair Foreclosure Act to cap fees charged for reinstatement, these statutes are entirely inapplicable.

N.J. Stat. Ann. § 22A:2-10 awards certain statutory costs "upon the completion and determination of" foreclosure actions. It does not prohibit other mechanisms of fee-shifting.  N.J.

---

[8] The loan statement attached to Plaintiffs' complaint indicates an outstanding principal balance of $275,060.47 was owing as of February 19, 2010.  (Compl. Ex. C.)  Therefore, even if this was the entire sum owed in the foreclosure action, under Rule 4:42-9(a)(4)'s calculations for fees in foreclosure cases, the permissible fees would have been $2,900.59, far exceeding the amount actually charged.

Stat. Ann. § 22A:2-8 provides for various costs that "a party to whom costs are awarded or allowed by law or otherwise in any action, motion or other proceeding, in the Law Division or Chancery Division of the Superior Court is entitled to include," without specifying any amounts.  And N.J. Stat. Ann. § 2A:15-13 provides that the fee for recording a notice of lis pendens shall be taxable as a part of the costs in the action.

Even if these statutes applied to limit the fees and costs that may be permissibly charged for reinstatement of a delinquent mortgage, the Complaint offers no allegations as to how these statutes were violated.  See Martino, 639 F. Supp. 2d at 493 (dismissing almost identical count for because "[i]t is nothing more than a laundry list of various statutory fees that may be charged in the New Jersey State foreclosure process, along with a generic allegation that Defendants' charges were in excess of those allowed by law").  It is not clear to the Court how or why any of the fees would fall afoul of these statutes, and therefore the Complaint fails to provide adequate notice to Defendants of the basis for the claim.

Because none of the claims in the Complaint allege a clear substantive basis for finding the fees charged to be improper, the Complaint must be dismissed.

    5. <u>Clarifications made in opposition brief</u>

The Complaint brings no count pursuant to, or citing FHA regulations. Nevertheless, in their opposition to this motion, Plaintiffs raise for the first time an FHA regulation regarding fees as their basis for their conclusion that the fees were improper. 24 C.F.R. § 203.552(b). The regulation permits the charging of certain reasonable fees and costs, including fees for foreclosure not completed because of a reinstatement of the account, id. § 552(a)(9), but states that "Directors of HUD Area and Insuring Offices are authorized to establish maximum fees and charges which are reasonable and customary in their areas." Id. at 552(b). Plaintiffs then assert, with no citation, that the applicable maximum is $1,350. Plaintiffs also seek to introduce in their opposition evidence that BAC refunded $538 of the reinstatement payment as having been improperly charged, an allegation nowhere made in the Complaint. And they also try to incorporate their allegation involving the failure to credit late charge payments into their causes of action that do not refer to this conduct in the Complaint.

None of these constructive amendments of the Complaint are permissible, since these bases for legal relief were not adequately pleaded. Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (noting that it is axiomatic that a plaintiff cannot amend complaint via an

13

opposition to a motion to dismiss).[9]  However, these arguments do convince the Court that dismissal should be without prejudice. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").[10]  While Defendants contend that there is no private right of action conferred by the FHA regulations, this does not mean that the violation of those regulations cannot provide a cause of action under other statutes.  The question is not presented by the Complaint, so it is undecided.

If the HUD maximum is in fact $1,350, Plaintiffs should allege this in the proposed pleadings or cite to the relevant law in a proposed amended complaint, and state clearly under what law or laws Plaintiffs bring claims for violation of the FHA

---

[9]  Plaintiffs acknowledge that some of these facts are outside the scope of the Complaint, but contend that since Defendant BAC also raised issues outside the scope of the Complaint, Plaintiffs are permitted to do so.  But everything Defendant relied upon is properly considered on a motion to dismiss.  See In re Burlington Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

[10]  If Plaintiffs decide to continue to retain Mr. Adler to file their amended pleadings, then Mr. Adler should take care in drafting the proposed pleadings to avoid continuing to make the errors he has been alerted to by this and other opinions.  At some point, such errors and disregard for the modern pleadings standards will begin to evince bad faith on his part.

regulation.  Similarly, if Plaintiffs seek to base their claims on the refund of $538, they should allege the fact of the refund as their basis for believing they were overcharged, and explain precisely in their proposed Amended Complaint which counts are based upon that conduct of overcharging and then refunding. Finally, if the failure to credit the late charges is being used as a basis for any of the Counts, Plaintiffs should explain which Counts and how this failure to credit the late charges violates each specific law cited.

**IV.  CONCLUSION**

Plaintiffs' scattershot Complaint does not, as currently pleaded, put Defendants on fair notice of the basis for its conclusions that the fees charged to Plaintiffs are improper. Because it appears that Plaintiffs may have some relevant allegations that they failed to include, the Court will permit them to move to file an amended pleading under Rule 15(a), Fed. R. Civ. P., within twenty-one (21) days of the entry of the accompanying Order.

The accompanying Order will be entered.

**June 22, 2011**                   **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                   United States District Judge